RECEIVED
IN ALEXANDRIA
AUG - 9 2010
TONY R. MOORE
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CREIGHTON CALAIS** | CIVIL ACTION NO. 10-cv-1093; SEC.P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **JAMES LEBLANC, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by Plaintiff Creighton Calais. The case was filed in the Middle District of Louisiana; it was transferred to this Court on July 7, 2010. Plaintiff is incarcerated at the Catahoula Correctional Center in Harrisonburg, Louisiana. He complains about the opening of his legal mail and threats of retaliation by the defendants, Secretary James LeBlanc and Warden Pat Book. He seeks only injunctive relief in the form of a transfer to another facility where he will be treated fairly and have a chance at work release.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

In his complaint, Plaintiff alleges:

- He has been subjected to being "maced" or beaten "for absolutely no reason, at all."
- His legal mail has been returned to him after being opened.
- He was sent from Richwood to Catahoula despite having no disciplinary actions, and the facilities are owned and controlled by the same people.

- Favoritism has been shown to other white inmates less qualified than him because the jail is controlled by white trustees.
- He has been threatened by Assistant Warden Benjamin Ramsey.

## LAW AND ANALYSIS

Plaintiff seeks relief in the form of a transfer to another correctional facility. Plaintiff has no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison is much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Additionally, Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. §15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. §15:824(B)(1)(a).

Nonetheless, the last documents mailed to Plaintiff by the Clerk of Court were undeliverable and returned to sender. Thus, it appears that Plaintiff was actually transferred to another facility. Therefore, even if his claim was not frivolous, Plaintiff's request for a transfer would be moot.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claim for injunctive relief be **DENIED and DISMISSED with prejudice as frivolous.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of ___August___, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE